UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

PAMELA F. BEILER,

        **Plaintiff,**

v.

        CASE NO.: 1:13-cv-869

GC SERVICES L.P.,

        **Defendant.**

## COMPLAINT

COMES NOW Plaintiff, Pamela F. Beiler ("Beiler" or "Plaintiff") and alleges the following claims against GC Services L.P. ("GCS" or "Defendant"):

### I. INTRODUCTION

1. This action is brought for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, et seq. ("TCPA" or "the Act"), arising out of numerous non-emergency telephone calls made by or on behalf of Defendant to Plaintiff's two cell phone numbers using an automatic telephone dialing system and/or an artificial or prerecorded voice without Plaintiff's prior express consent.

### II. JURISDICTION AND VENUE

2. This court has original jurisdiction of this civil action as one arising under the laws of the United States, specifically under 47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(3). *See 28 U.S.C. § 1331* and *Mims v. Arrow Fin. Serv., LLC*, 565 U.S. ___, 132 S. Ct. 740, 181 L. Ed.2d 881 (2012).

3. Defendant is engaged in substantial activity within the State of North Carolina, including but not limited to the collection of debts for others in the State of North Carolina, including in this district and division.

4. Defendant regularly does or solicits business, or engages in other persistent courses of conduct, or derives substantial revenue from its debt collection services rendered in

Page 1 of 12

the State of North Carolina, including in this district and division.

5. At the time of Defendant's wrongful acts in violation of their TCPA obligations, Defendants knew that the cell phone numbers it was calling had North Carolina area codes and that the calls were being made to recipients in North Carolina.

6. Defendant purposefully directed its activities (illegal autodialed and prerecorded voice calls to cell phones) at Plaintiff in North Carolina, and in this district and division of North Carolina. *Calder v. Jones*, 465 U.S. 783, 789-90, 79 L. Ed. 2d 804, 104 S. Ct. 1482 (1984) (jurisdiction of forum state upheld where libel "expressly aimed" at forum state with knowledge that "potentially devastating impact" would be felt there).

7. The illegal phone calls were received on Plaintiff's cell phone numbers in this District and Division.

8. The injury to Plaintiff caused by Defendant's TCPA violations occurred in this District and Division where Plaintiff felt the effects of those violations.

9. Plaintiff is a citizen of Orange County, North Carolina, and she maintains all of the documents relevant to this dispute at her home there.

10. Venue is proper in this Court under 28 U.S.C. §1391(b) because Defendant victimized Plaintiff on her cell phone lines in Orange County, North Carolina where Plaintiff lives.

11. Venue is also proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly does business in the district and division, is subject to this Court's personal jurisdiction with respect to this civil action in the district and, as such, "resides" in the district.

### III. PARTIES

12. Plaintiff Beiler is an individual and natural person domiciled in Orange County, North Carolina.

13. At all times pertinent, Beiler was and is the wife of Scott A. Foster ("Foster") with whom she has lived continuously in their matrimonial domicile in Orange County, North

Carolina.

14. Defendant is a limited partnership with its principal place of business located at 6330 Gulfton Road, Houston, TX 77081.

15. At all times pertinent, Defendant was and is in the business of debt collection. Defendant does business throughout the United States, including in North Carolina.

## IV. GENERAL OVERVIEW OF THE TCPA

16. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

17. The TCPA regulates, among other things, the use of automated telephone dialing systems or "autodialers" and the use of artificial or prerecorded voices in telephone calls, both as to telemarketing and non-telemarketing calls. Specifically, the plain language of § 227(b)(1)(A) prohibits the use of autodialers or artificial or prerecorded voices to make any non-emergency call to a cellular phone number in the absence of prior express consent of the called party.

18. According to findings by the Federal Communications Commission ("FCC."), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, calls made using an autodialer or an artificial or prerecorded voice are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

19. Under the TCPA and pursuant to the FCC's January 2000 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided prior express consent within the meaning of the Act.

## V. FACTS

20. Prior to October 1, 2009, Foster applied with GE Money Bank ("GEMB") for two credit card accounts, a MasterCard account and a Lowe's account. Thereafter, GEMB underwrote and issued to Foster a MasterCard credit card ending with the numbers 0315 and a

Lowe's credit card ending with the numbers 9271 (collectively the "GEMB Accounts").

21. Prior to October 1, 2009, Foster became delinquent on both of the GEMB accounts. Thereafter GEMB retained the services of GCS in an attempt to collect amounts alleged to be owing on one or both of the GEMB Accounts.

22. Beiler was not and has never been a party to or an authorized user on the GEMB Accounts.

23. Beiler has never used any credit card associated with either of the GEMB Accounts.

24. Beiler was unaware that Foster was making applications with GEMB for the GEMB Accounts when those applications were made and remained unaware of the existence of the GEMB Accounts until after they were in default and the calls related to those accounts began on or about October 1, 2009.

25. Over a six month period beginning on or about October 1, 2009 and continuing until on or about March 31, 2010, GCS and/or persons acting on its behalf called cell phone number XXX-XXX-1563 and cell phone number XXX-XXX-4711 (hereinafter "Cell Phone Numbers") approximately 317 times in their attempts to collect amounts owed or alleged to be owed by Foster on the one or both of the GEMB Accounts.

26. At the time the calls were made, the Cell Phone Numbers were each issued to Beiler under an account with Verizon Wireless (the "Verizon Account") on which Beiler was at all times pertinent the sole subscriber. At no time has Foster been a subscriber to either number.

27. Each of the calls made by or on behalf of GCS to the Cell Phone Numbers was made using an automatic telephone dialing system, as defined by the TCPA in 47 U.S.C. § 227(a)(1).

28. Many of the calls made by or on behalf of GCS to the Cell Phone Numbers were made using an artificial or prerecorded voice.

29. None of the calls made by or on behalf of GCS to the Cell Phone Numbers was

Page 4 of 12

Case 1:13-cv-00869-TDS-JEP   Document 1   Filed 09/30/13   Page 4 of 12

made for an emergency purpose.

30. The autodialed nature of the calls was evident because, when the calls were answered, they would either begin with an artificial or pre-recorded voice or several seconds would elapse before a live person would speak.

31. The autodialed and artificial or prerecorded voice calls to the Cell Phone Numbers invaded Plaintiff's privacy and used cell phone minutes for which Plaintiff had paid or was required to pay.

32. As the subscriber to both Cell Phone Numbers, Beiler has constitutional, statutory and prudential standing to sue and recover for all violations of the TCPA arising out of the calls made by or on behalf of GCS to each of the Cell Phone Numbers.

33. As the subscriber to the Cell Phone Numbers, Beiler was and is the "called party" whose prior express consent was required before GCS and/or persons acting on its behalf were permitted to make lawful calls to said numbers using an automatic telephone dialing system and/or using an artificial or prerecorded voice. *See Soppet v. Enhanced Recovery Company LLC.* 2012 U.S. App. LEXIS 9560, 2012 WL 1650485 (7th Cir., May 11, 2012).

34. At no time did Beiler give her prior express consent that GEMB, GCS and/or persons acting on behalf of either call either of the Cell Phone Numbers using an automatic telephone dialing system or using an artificial or prerecorded voice.

35. At no time did Beiler authorize Foster to give prior express consent on her behalf that GEMB, GCS and/or persons acting on behalf of either call either of the Cell Phone Numbers using an automatic telephone dialing system or using an artificial or prerecorded voice.

36. At no time did Beiler authorize Foster to provide either of the Cell Phone Numbers to GEMB, GCS and/or persons acting on its behalf in connection with his applications for the GEMB Accounts and/or the creation of any indebtedness on the GEMB Accounts.

37. Any prior express consent purportedly given by Foster to GEMB, GCS and/or persons acting on behalf of either to call either of the Cell Phone Numbers using an automatic

telephone dialing system or using an artificial or prerecorded voice was not binding or effective as to Beiler.

38. Alternatively, in the event that Beiler (either directly or through Foster) provided to GEMB, GCS and/or persons acting on behalf of either prior express consent to call either of the Cell Phone Numbers using an automatic telephone dialing system or an artificial or prerecorded voice, any such consent was revoked by Beiler and/or by Foster prior to some or all of the calls that were made by or on behalf of GCS.

39. Notwithstanding the absence and/or revocation of the required prior express consent, GCS and/or persons acting on its behalf persisted in calling the Cell Phone Numbers regarding one or both of the GEMB Accounts using an automatic telephone dialing system and/or using an artificial or prerecorded voice until the calls finally stopped on or about March 31, 2010.

40. Defendant knew or should have known about the prohibitions of the TCPA and its obligations to obtain the prior express consent of the called party before making calls to cell phones using an autodialer or using an artificial or prerecorded voice. These prohibitions and obligations are well established in the plain language of the TCPA, in promulgations of the Federal Communication Commission, and in applicable case law. The TCPA was enacted in 1991, and as of the fall of 2009 there was a wealth of information available to Defendant and its legal department and outside counsel about the Act and its prohibitions.

41. On information and belief, GCS's awareness of the TCPA is demonstrated in part because it limited its calls and the calls of its agent(s) to the period between 8:00 a.m. and 9:00 p.m. as required by said Act.

42. GCS's violations of the TCPA were willful and knowing as demonstrated by the timing of the calls, their frequency, and their purpose, and by GCS's knowledge of and experience with the TCPA.

43. The willful and knowing nature of Defendant's TCPA violations is further

Page 6 of 12

Case 1:13-cv-00869-TDS-JEP   Document 1   Filed 09/30/13   Page 6 of 12

evidenced by Defendant's practice of continuing to make autodialed calls and artificial or pre-recorded voice calls to the Cell Phones Numbers after being specifically instructed by Plaintiff and Foster to stop the calls.

44. Plaintiff is entitled to recover statutory damages and obtain injunctive relief as provided for by 47 U.S.C. § 227 *et seq.*, specifically including 47 U.S.C. § 227(b)(3)

## VI. CLAIM FOR RELIEF

### COUNT ONE

### Telephone Consumer Protection Act, 47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(3)
### Automatic Telephone Dialing System

45. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

46. By virtue of the foregoing, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by calling or having other persons call on its behalf, on one or more occasions, Plaintiff's Cell Phone Numbers using an automatic telephone dialing system without Plaintiff's prior express consent, or alternatively by making such calls or having such calls made on its behalf after any prior express consent was revoked by Plaintiff and/or by Foster.

47. Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were knowing and willful.

48. Pursuant to 47 U.S.C.A. §227(b)(3), Plaintiff is entitled to recover from Defendant $500.00 in statutory damages for each such violation. In the event that Defendant is found to have knowingly or willfully violated the TCPA, this Court may, in its discretion, increase the amount of statutory damages to not more that $1,500.00 for each such violation.

49. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff also seeks injunctive relief prohibiting Defendant's violations of the TCPA in the future.

### COUNT TWO

### Telephone Consumer Protection Act, 47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(3)
### Artificial or Prerecorded Voice

50. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

51. By virtue of the foregoing, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by calling or having other persons call on its behalf, on one or more occasions, Plaintiff's Cell Phone Numbers using an artificial or prerecorded voice without Plaintiff's prior express consent or, alternatively, by making such calls or having such calls made on its behalf after any prior express consent was revoked by Plaintiff and/or by Foster.

52. Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were knowing and willful.

53. Pursuant to 47 U.S.C.A. §227(b)(3), Plaintiff is entitled to recover from Defendant $500.00 in statutory damages for each such violation. In the event that Defendant is found to have knowingly or willfully violated the TCPA, this Court may, in its discretion, increase the amount of statutory damages to not more that $1,500.00 for each such violation.

54. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff also seeks injunctive relief prohibiting Defendant's violations of the TCPA in the future.

### VII. DEMAND FOR PRESERVATION

55. Plaintiff demands that Defendant retain and preserve all records related to the allegations in this Complaint. Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents and information:

(a) All applications for all accounts which were the subject of any collection calls made by or on behalf of Defendant to either or both Cell Phone Numbers from October 1, 2009 to the present;

(b) All documents evidencing the terms and conditions of all accounts which were the subject of any collection calls made by or on behalf of Defendant to either or both Cell Phone Numbers from October 1, 2009 to the present;

(c) All documents (including recordings and electronic documents) evidencing any and all communications between Defendant and/or any persons acting on its

behalf and Plaintiff or Foster from October 1, 2008 to the present;

(d) List of all phone numbers, including spoofed numbers, used by Defendant and/or persons acting on its behalf in making calls to either or both Cell Phone Numbers within the last four years;

(e) All recordings, transcripts and/or summaries of all calls made by or on behalf of Defendant to either or both Cell Phone Numbers within the last four years.

(f) All written, recorded, electronic or other documentation or evidence which Defendant contends shows that it obtained the prior express consent of Plaintiff to call either or both Cell Phone Numbers using an autodiater and/or using an artificial or prerecorded voice;

(g) All written, recorded, electronic or other documentation or evidence which Defendant contends shows that it obtained the prior express consent of Foster to call either or both Cell Phone Numbers using an autodiater and/or using an artificial or prerecorded voice;

(h) All written, recorded, electronic or other documentation or evidence of any and all requests by Plaintiff that calls made by or on behalf of Defendant to either or both Cell Phone Numbers stop;

(i) All written, recorded, electronic or other documentation or evidence of any and all requests by Foster that calls made by or on behalf of Defendant to either or both Cell Phone Numbers stop;

(j) All documents including but not limited to invoices, transmission logs, or summary logs, provided to Defendant by any person or entity retained by Defendant to make calls to cell phones using an autodialer and/or an artificial or prerecorded voice within the last four years, to the extent such documents pertain to calls made to either or both Cell Phone Numbers.

(k) All written, recorded, electronic or other documentation or evidence which provide all or any part of the following information: the dates, times and duration of all calls made by or on behalf of Defendant to either or both Cell Phone Numbers using an autodialer and/or an artificial or prerecorded voice; the number from which each call was made, the number to which each call was made, the identity of the intended recipient and actual recipient of each call, and the identity of the subscriber of each number called;

(l) All documents evidencing the name, make, model, serial number, version, and capabilities of all equipment, hardware, and/or software used to make any calls by or on behalf of Defendant to either or both Cell Phone Numbers and all documents evidencing which calls were made using which equipment, hardware and/or software.

(m) All written, recorded, electronic or other documentation or evidence of all policies or procedures implemented by Defendant with regard to the making of calls to cell phone numbers using an automatic telephone dialing system and/or an artificial or prerecorded voice;

(n) All written, recorded, electronic or other documentation or evidence concerning Defendant's knowledge of the TCPA and the regulations and rulings of the FCC thereunder;

(o) All written, recorded, electronic or other documentation or evidence concerning any lawsuits and/or settlements and/or settlement discussions to which Defendant was a party and/or any demands upon Defendant which, in whole or in part, pertain to the TCPA;

Demand is made on Defendant to notify any third parties or vendors retained by Defendant to make autodialer or artificial or prerecorded voice calls to any cell phone numbers of this preservation demand and request production of any documents included within this demand.

Page 10 of 12

Case 1:13-cv-00869-TDS-JEP   Document 1   Filed 09/30/13   Page 10 of 12

### Incorporation of Paragraphs into other Paragraphs

56. Every paragraph in this Complaint is hereby incorporated into every other paragraph.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant granting relief as follows:

(a) Statutory damages as provided for under 47 U.S.C. § 227(b)(3), trebled as may be appropriate;

(b) An injunction restraining Defendant from making or having made on its behalf any additional calls to the Cell Phone Numbers using an automatic telephone dialing system and/or an artificial or prerecorded voice without Plaintiff's prior express consent;

(c) Pre-judgment interest from the date of filing this suit;

(d) All cost of this proceeding; and

(e) All general, special and equitable relief to which Plaintiff is entitled by law.

TRIAL BY JURY IS DEMANDED.

**PAMELA F. BEILER**

Date: September 30, 2013        By: /s/ Robert C. Ekstrand
                                     Of Counsel

Robert C. Ekstrand, N.C. Bar #26673
Attorney for Plaintiff
Ekstrand & Ekstrand LLP
110 Swift Avenue, 2nd Floor
Durham, North Carolina 27705
Phone: (919) 416-4590
Fax: (919) 416-4591
Email: rce@ninthstreetlaw.com

Christopher Colt North (VSB #16955)
Pro Hac Vice Application Pending
William L. Downing (VSB # 17704)
Pro Hac Vice Application Pending
Attorneys for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010

Fax: (757) 873-8375
cnorthlaw@aol.com and
wdowninglaw@aol.com